UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]

## I.  Introduction

Before the Court is a motion for remand filed by Plaintiff Tamara Jackson ("Plaintiff"). For the following reasons, Plaintiff's motion is GRANTED.

## II.  Background

### A.  Procedural History

Plaintiff filed a complaint in the Superior Court of California, County of Los Angeles, on Dec. 1, 2023. Notice of Removal, Ex. A ("Compl."), ECF No. 1-1. Defendant Federal Express Corporation ("Defendant" or "FedEx") removed this action to federal court on January 8, 2024. Notice of Removal, ECF No. 1. Plaintiff filed a motion for remand on Jan. 31, 2024. ECF. No. 12. Defendant opposed the motion for remand on Feb. 16, 2024. ECF No. 15. Plaintiff replied to Defendant's opposition on Feb. 26, 2024. ECF No. 16. The Court heard oral argument from the parties on March 11, 2024. ECF No. 19.

### B.  Factual Allegations

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

Plaintiff is a natural person residing in Los Angeles County, California. Compl. ¶ 1. Defendant is a Delaware corporation with its principal place of business in Memphis, Tennessee. *Id.* ¶ 2. Plaintiff is a former employee of Defendant, who alleges that she was wrongfully terminated. *Id.* ¶ 10–23.

Prior to filing suit, on Nov. 20, 2023, Plaintiff filed a charge against Defendant with the California Department of Fair Employment and Housing ("DFEH"). In response, Plaintiff received a notice of case closure and a right to sue letter. Compl. ¶ 9.

Plaintiff alleges that she commenced employment for Defendant as a package handler on or around Sept. 23, 2013. *Id.* ¶ 11. Her job entailed moving packages, documents, heavyweight goods, and "freight cans." *Id.* Plaintiff maintains that she was injured in 2016 while working and subsequently began physical therapy for her back and shoulder injury.[1] Compl. ¶ 12. From approximately 2018 until June 2020, Plaintiff was placed on a medical leave.[2] *Id.* She returned from her leave in June 2020 with restrictions prohibiting her from pushing or pulling "freight cans" without assistance from other employees. *Id.* ¶ 13. Defendant accommodated Plaintiff's medical restrictions by placing her in the role of operations agent, which entailed administrative duties such as payroll and data entry. *Id.* Plaintiff stayed in the role of operations agent until March 2022. *Id.*

On March 2, 2022, Plaintiff was informed by her doctor that she "required an ergonomic workstation evaluation from Defendant to continue working." *Id.* ¶ 14. Plaintiff alleges that Defendant did not provide the ergonomic workstation and, "as a result, Plaintiff's doctor placed her on a medical leave of absence until she could receive an ergonomic workstation evaluation." *Id.* Plaintiff informed her human resources representative, Mr. Richard Allen ("Allen"), of these developments and began her medical leave. *Id.*

---

[1] Plaintiff's complaint is vague regarding the injuries she sustained to her back and shoulder. It is similarly vague as to the exact dates in 2016 on which Plaintiff was injured and commenced physical therapy.
[2] Plaintiff's complaint does not specify who placed Plaintiff on medical leave.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

In approximately April 2022, Plaintiff's work restrictions were updated by her doctor to include no lifting, pushing, or pulling objects over ten pounds; no bending, twisting, squatting, or kneeling; and no placing the spine in unusual or awkward positions. *Id.* ¶ 15. Plaintiff was instructed by her doctor to remain on medical leave if accommodations were not provided. *Id.*

From April 2022 until Sept. 15, 2022, Plaintiff's medical leave was updated intermittently, and she provided updates to Allen through Defendant's workers' compensation carrier. *Id.* ¶ 16.

One month later, on or around Sept. 15, 2022, Plaintiff received a letter from Allen stating that Defendant "could no longer hold her position . . . open." *Id.* ¶ 17. Plaintiff was therefore instructed to re-apply to work with the Defendant based on current open positions. *Id.* Plaintiff alleges none of the positions offered were compliant with her work restrictions, and she therefore continued her medical leave as instructed by her doctor. *Id.*

In October 2022, Plaintiff informed Allen of updated work restrictions preventing her from engaging in repetitive bending or twisting of her spine. *Id.* ¶ 18. Plaintiff was told that her position had been filled; she was again advised to apply to an open position that complied with her work restrictions. *Id.*

In approximately January 2023, Plaintiff had shoulder surgery and informed Allen of this fact. *Id.* ¶ 19. Plaintiff continued on medical leave and was released from her shoulder restriction in April 2023. *Id.* Plaintiff alleges that during this time, she regularly attempted to return to work by filling a position that complied with her work restrictions. *Id.* Plaintiff maintains that Allen informed her that she could extend her leave while she searched for a new position. *Id.*

On May 15, 2023, Plaintiff alleges her medical leave was extended once more with Allen, who instructed her to continue looking for new positions with Defendant. *Id.* ¶ 20.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

On July 9, 2023, Plaintiff maintains she was informed by Allen that her medical leave had expired and that her employment would be terminated on July 17, 2023. *Id.* ¶ 21. Plaintiff was then terminated on July 17, 2023. *Id.* ¶ 22.

Following termination, Plaintiff filed suit, alleging the following violations of the Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, *et seq.* ("FEHA"): (1) disability discrimination, (2) failure to provide reasonable accommodations, (3) failure to engage in a good faith interactive process to determine reasonable accommodations, (4) retaliation, (5) failure to prevent discrimination and retaliation, and (6) wrongful termination. *Id.* ¶¶ 21–91.

Plaintiff seeks past and future economic and non-economic damages; pre- and post-judgment interest, costs and attorney's fees; injunctive relief; declaratory relief; punitive damages; and all other relief the Court deems just and proper. *Id.* at 15. The complaint does not attach a dollar amount to the relief sought; however, the civil cover sheet indicates that the amount demanded by Plaintiff exceeds $25,000.00. *Id.*; Notice of Removal, Ex. C (Civil Case Cover Sheet), ECF No. 1-1.

### III. Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). The burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### IV. Discussion

#### A. Complete Diversity of Citizenship is Present in This Case

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity between the parties, meaning the plaintiff is not a citizen of the same state as any defendant. *Ulloa v. California Newspaper Partners*, No. LA CV20-11776, 2021 WL 6618815, 2021 U.S. Dist. LEXIS 251909, at *2 (C.D. Cal. Oct. 21, 2021) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009)). Plaintiff is a natural person residing in Los Angeles County, California. Notice of Removal, Ex. A ("Compl.") ¶ 1, ECF No. 1-1. Defendant is a Delaware corporation with its principal place of business in Memphis, Tennessee. *Id.* at ¶ 2.

It is apparent, and the parties do not dispute, that the complete diversity requirement is satisfied here. *See generally* Mot. to Remand, ECF No. 12; Opp'n to Pl.'s Mot. to Remand, ECF 15; Pl.'s Reply ISO Mot. to Remand, ECF 16. Therefore, the Court proceeds to the next stage of the analysis.

#### B. The Amount in Controversy Does Not Exceed $75,000

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

"The Court must first consider whether it is facially apparent from the Complaint that the jurisdictional amount has been satisfied." *Nevarez v. FedEx Supply Chain, Inc.*, No. EDCV 23-2337 JGB (SPx), 2024 WL 734227, 2024 U.S. Dist. LEXIS 30598, at *2 (C.D. Cal. Feb. 21, 2024) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002)). Here, the Complaint does not specify the amount in controversy; rather, it states that Plaintiff seeks past and future economic and non-economic damages; pre- and post-judgment interests; costs and attorney's fees; injunctive relief; declaratory relief; punitive damages; and all other relief the Court deems just and proper. Compl. 15.

If it is not facially apparent from the Complaint that the jurisdictional minimum is met, the removing party must prove the minimum is met by a preponderance of the evidence. *Ulloa*, 2021 WL 6618815, 2021 U.S. Dist. LEXIS 251909, at *3 (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)). "The removing party 'can meet this burden by offering facts supporting [that] the amount in controversy exceeds the jurisdictional minimum or producing evidence of jury verdicts for damages awarded in cases with analogous facts.'" *Id.* (alteration original) (citing *Vasquez v. Arvato Dig. Servs., LLC*, No. CV 11-02836 RSWL (AJWx), 2011 WL 2560261, 2011 U.S. Dist. LEXIS 69154, *3 (C.D. Cal. June 27, 2011)). The removing party must provide evidence that establishes that it is more likely than not that the jurisdictional minimum is met. *Id.*

Furthermore, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails. *Chavez v. JPMorgan Chase*, 888 F.3d 413, 418 (9th Cir. 2018).

1. **Lost Wages**

Defendant alleges Plaintiff's pay as an operations agent was $19.53 per hour and that she was scheduled to work 20 hours per week. Sasso Decl. ¶ 4, ECF No. 15-2. Plaintiff does not dispute this fact. Defendant therefore calculates that Plaintiff's annual income was $20,311.20 per year. Def.'s Opp'n to Pl.'s Mot. to Remand ("Opp.") 8, ECF No. 15. Defendant further calculates that

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

Plaintiff's back pay claim would be, at a minimum, $28,774.20 for the 17 months between the date of her termination (July 17, 2023) and an expected trial date of January 1, 2025 (roughly one year from the date of removal). *Id.* Defendant then maintains that an award of two years' front pay to Plaintiff would total at least $40,622.40. According to Defendant, an award of two years' front pay is "conservative." *Id.* In sum, Defendant contends that Plaintiff's claim for lost wages, including both front and back pay, would total $69,396.60.

Plaintiff argues Defendant's calculation of lost wages fails for two reasons: (1) Defendant's lost wages calculation includes wages up to trial without considering Plaintiff's duty to mitigate and (2) Defendant fails to consider the standard followed by the Central District, which states the amount in controversy must be determined as of the date of removal. Both of Plaintiff's arguments are mistaken.

"[M]itigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction." *Beltran v. Procare Pharmacy, LLC*, No. 2:19-cv-08819-ODW(RAOx), 2020 WL 748643, 2020 U.S. Dist. LEXIS 26098, at *3 (C.D. Cal. Feb. 14, 2020) (quoting *Jackson v. Compass Grp. USA, Inc.*, No. 19-cv-194678-PSG (GJSx), 2019 WL 3493991, 2019 U.S. Dist. LEXIS 129001, at *4 (C.D. Cal. July 31, 2019)). Therefore, Plaintiff's argument that her affirmative burden to mitigate her damages reduces the amount in controversy fails.[3]

Secondly, Plaintiff contends that, because the amount in controversy is determined at removal, her lost wages should be calculated solely up to the date of removal. Mot. to Remand 3, ECF No. 12. Under this reasoning, Plaintiff's lost wages would total $21,760 from the date of termination to the date of removal. To support this interpretation, the Plaintiff sites numerous cases that predate the Ninth Circuit's opinion in *Chavez*, where the Ninth Circuit clarified the following:

---

[3] Even if mitigation were to be considered, Defendant points out that Plaintiff herself alleges that "she will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been severely diminished." Opp 2.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

"When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant." 888 F.3d at 417. "That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Id.* Therefore, as the Complaint seeks past and future lost wages as of the date of removal, both past and future lost wages are considered at stake in the litigation and are considered in assessing whether the amount in controversy is met.

Regardless of the weaknesses of Plaintiff's arguments, the Court has its own burden to verify whether it has subject matter jurisdiction over this case. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Court begins by evaluating Defendant's lost wages estimate, with which it agrees in part and disagrees in part. Defendant estimates that, if successful, Plaintiff will likely be awarded at least two years of front pay; as support, Defendant cites three cases (the most recent of which is 37 years old) that show front pay awards "span a number of years" in California. Although the court did grant front pay in these cited state court cases, Defendant does not show how these cases are factually analogous with the present case at issue apart from being employment cases with front pay awards spanning a "number of years."

In *Smith v. Brown-Forman Distillers Corp.*, 241 Cal. Rptr. 916 (Cal. Ct. App. 1987), an employee sued his employer after resigning from his job because his employer would have otherwise required him to commit a crime as a condition of his employment. In that case, the employee was awarded front pay compensating him from the time of his resignation to what would have been the date of his mandatory retirement several years thereafter. *Id.* at 917. Here, there is no allegation that Defendant forced Plaintiff to engage in illegal behavior. Moreover, there is not a rational anchor point off of which to estimate forward-looking damages; rather than use a retirement date, Defendant simply invented the 'conservative' estimate of two years – an estimate which just so happens to get them almost all the way to the amount in controversy threshold.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

In *Rabago-Alvarez v. Dart Industries, Inc.*, 127 Cal. Rptr. 222 (Cal. Ct. App. 1976), an employee successfully sued her employer for wrongful termination and was awarded four years' worth of front pay. The Plaintiff in *Rabago* was courted away from her previous job for several months and promised permanent employment. *Id.* at 224. Despite satisfactory work, the employee was terminated a mere two months after being hired, as retaliation for expressing discomfort with being forced to visit a strip club with her male coworkers. *Id.* Again, *Rabago-Alvarez* is not factually analogous with the present case and thus is not indicative of a front pay award here.

In *Drzewiecki v. H&R Block, Inc.*, 101 Cal. Rptr. 169 (Cal. Ct. App. 1972), an employee sued his employer for wrongful termination and was awarded ten years of front pay. *Id.* at 172. The employee in *Drzewiecki* had a contract which only permitted his employer to fire him for cause. *Id.* at 174. Nevertheless, the employee was terminated once the business he had set up for his employer became profitable. *Id.* at 175. The court determined that, based on the employee's age, physical characteristics, etc., he was likely to satisfactorily perform another 10 years of work, thus justifying the front pay award. Here again, there is little factual similarity between *Drzewiecki* and the instant case; Plaintiff has not alleged a contract only permitting her to be fired for cause, and even if she had, cause seems distinctly possible under the facts alleged.

In short, Defendant has failed to cite any case involving wrongful termination due to a disability—a subject for which there is ample caselaw. Defendant has merely speculated that front pay will be appropriate and conjured a number that serves its own purposes. To avoid trivializing the requirements outlined for diversity jurisdiction in § 1332, the Court instead adopts the custom embraced by other district courts to estimate lost front pay from the date of removal up to the expected trial date. *See Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, 2020 U.S. Dist. LEXIS 26098, at *3; *Nevarez v. FedEx Supply Chain, Inc.*, 2024 WL 734227, 2024 U.S. Dist. LEXIS 30598, at *4. As a trial date has not been set in this case, the Court conservatively estimates a trial date of one year from the date of removal and accepts Defendant's estimated trial date of

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

Jan. 1, 2025. Consequently, the Court estimates Plaintiff's total lost wages, including both front and back pay, amount to $29,654.35.[4]

### 2. Emotional Distress Damages

Defendant does not provide an estimate for Plaintiff's emotional distress damages, but states that "[p]laintiffs who prevail in wrongful discharge claims often recover large emotional distress damages." Notice of Removal ¶ 21, ECF No. 1-1. Defendant supports this assertion by citing five cases.

In determining the amount in controversy, a district court can consider emotional distress damage awards in similar cases, but the cases considered must be factually analogous to the case at issue. *Nevarez v. FedEx Supply Chain, Inc.*, No. EDCV 23-2337 JGB (SPx), 2024 WL 734227, at *4 (C.D. Cal. Feb. 21, 2024). Here, the cases cited by Defendant are not factually analogous.

First, Defendant cites four cases in which wrongfully terminated whistleblowers were awarded emotional damages. *See* Notice of Removal ¶¶ 22–25, ECF No. 1-1. Defendant offers no explanation for how emotional damages awarded to wrongfully terminated whistleblowers are factually analogous to a plaintiff alleging wrongful disability termination. *See* Mot. to Remand 6, ECF No. 12. Once again, the Court notes that wrongful termination due to disability is not a little-tread area of the law.

Defendant also cites three cases involving wrongful termination based on retaliation for objecting to various forms of disability-related discrimination. Opp. 6. These cases are at least in the correct arena of the law, but again, Defendant fails to explain how they shed any light on the present case, which only alleges retaliation in the most threadbare and boilerplate fashion.

---

[4] The Court arrived at this number by multiplying Plaintiff's $20,311.20 annual salary by 1.46 (representing 534 days between July 17, 2023, and January 1, 2025, as expressed in years).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
|---|---|---|---|
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

For these reasons, the Court declines to include emotional distress damages in assessing whether the jurisdictional minimum has been met. *See Reyes v. Staples Office Superstore, LLC.*, No. CV 19-07086-CJC(SKx), 2019 WL 4187847, 2019 U.S. Dist. LEXIS 150735 (C.D. Cal. Sept. 3, 2019)) (declining to consider emotional distress damages when the defendant failed to point to factually analogous cases and merely cited cases with large emotional distress awards); *Barrera v. Albertsons LLC*, 2019 WL 1220764, 2019 U.S. Dist. LEXIS 42840, at *3 (C.D. Cal. Mar. 15, 2019) (refusing to include emotional distress damages when the defendant cited employment cases with large emotional distress awards without analogizing how the cases were similar to the instant action).

### 3. Attorney's Fees

Attorney's fees must be included when determining the amount of controversy if they are recoverable by statute. *Ramirez v. Builder Services Inc.*, No. EDCV 22-1571, 2023 WL 115561, 2023 U.S. Dist. LEXIS 2252, at *7 (C.D. Cal. Jan. 5, 2023) (citing *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F. 3d 785, 794 (9th Cir. 2018)). Here, FEHA allows a prevailing party to recover reasonable attorney's fees. Cal. Gov't Code § 12965(c)(6). "However, courts should still reject a defendant's calculation of future attorneys' fees if it fails to satisfy its burden of proof using summary-judgment-type evidence." *Ramirez* 2023 WL 115561, 2023 U.S. Dist. LEXIS 2252, at *7 (quoting *Reyes*, 2019 WL 4187847, 2019 U.S. Dist. LEXIS 150735, at *4).

Defendant contends that if this case proceeds to trial, the attorney's fees alone would exceed the jurisdictional minimum of $75,000. Defendant cites to his 20 years of experience litigating employment claims and two state cases where attorney's fees surpassed $200,000. Defendant neither provides the Court with a concrete estimate for attorney's fees nor provides analysis as to how the cited cases are factually analogous with the present case at issue. In other words, the evidence submitted by Defendant falls short of 'summary-judgment-type evidence.' Defendant's estimate is therefore speculative, and the Court will not consider that estimate when determining the amount in controversy.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00169-SVW-KS | Date | July 1, 2024 |
| Title | *Tamara Jackson v. Federal Express Corporation et al.* | | |

### 4. Punitive Damages

Punitive damages may be included when determining whether the jurisdictional minimum is met. *Ramirez*, 2023 WL 115561, 2023 U.S. Dist. LEXIS 2252, at *6 (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)). However, courts may reject including punitive damages in determining jurisdiction if the defendant fails to cite factually analogous cases and if the court deems defendant's arguments regarding punitive damages speculative. *Id.* (citing *Molnar v. 1-800-Flowers.com, Inc.*, 2009 WL 481618, 2009 U.S. Dist. LEXIS 131768, at *6 (C.D. Cal. Feb. 23, 2009)).

Defendant argues the potential punitive award in this case alone may satisfy the jurisdictional minimum. Defendant again does not provide an estimate, but rather cites a 30-year-old district court case from Iowa to support its conclusion. In *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa Dec. 30, 1994), the court found punitive damages alone could exceed the jurisdictional minimum given the "purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct." But the Court is not persuaded. Defendant has neither explained how *Aucina* is factually analogous with the present case at issue, nor cited any other factually analogous cases. Therefore, the Court has no basis to include punitive damages in its assessment of whether the jurisdictional minimum has been met.

### V. Conclusion

In light of the analysis above, the Court finds the amount in controversy to be $29,654.35. Because that amount falls short of the $75,000.00 threshold required by § 1332, the Court GRANTS Plaintiff's motion and REMANDS this matter to the State court.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |